# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**                          MDL No. 2738

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in the twelve actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred their respective actions to the District of New Jersey for inclusion in MDL No. 2738.  Defendants Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and Imerys Talc America, Inc., oppose the motions.

Plaintiffs principally argue that transfer is inappropriate because their actions were improperly removed from state court.  These arguments are not convincing because the pendency of jurisdictional objections is not, as a general matter, a sufficient reason to delay or deny transfer.[1] Plaintiffs in the Southern District of Illinois *Harders* action additionally argue that transfer is inappropriate because *Harders* was removed as a "mass action" under the Class Action Fairness Act of 2005 (CAFA).  CAFA prohibits transfer under 28 U.S.C. § 1407 of an action removed on mass action grounds, absent a request by a majority of the plaintiffs in the action.  *See* 28 U.S.C. § 1332(d)(11)(C)(i).  That prohibition, though, is not an impediment to transfer where, as in *Harders*, other grounds for federal jurisdiction also are asserted.  *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376, 1381 (J.P.M.L. 2013).  Plaintiffs, seeking to evade the impact of *Darvocet*, contend that defendants' non-mass action grounds for removal are a "sham." This argument too is unavailing because the Panel lacks the authority to assess the reasonableness of the grounds asserted for removal.  *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, MDL No. 2502, 2014 WL 10790383, at *1 (J.P.M.L. Jun. 6, 2014).

After considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the District of New

---

[*] One or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738, __ F. Supp. 3d __, 2016 WL 5845997 (J.P.M.L. Oct. 4, 2016). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 2738

**SCHEDULE A**

<u>Southern District of Illinois</u>

HARDERS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:16-00903

<u>Eastern District of Missouri</u>

GALLOW, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01123
LUCAS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01339
STARKS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01362
FRAZIER, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01388
EVELAND, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01436
CARNEY, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:16-01507
LOGAN, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01513
VALLE, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01706
WILLIAMS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01709
BAHMLER, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:16-01759

<u>Eastern District of Pennsylvania</u>

MASON, ET AL. v. JOHNSON AND JOHNSON, ET AL., C.A. No. 2:16-05305